IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:25-cv-12570-DCC-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. Gentry, S. Scealf, J. Cox, Sgt. | ) | |
| Campbell, Sgt. Coleman, L. Longe, | ) | |
| Cpt. Hayes, Deputy Cooper, | ) | |
| Orshburn, VanFleet, Major Lesso, | ) | |
| Nurse Allen Roach, Spartanburg County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").   On March 31, 2026, the Magistrate Judge issued a Report recommending that portions of this action be summarily dismissed.  ECF No. 8.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff filed objections to the Report.  ECF No. 12.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal of the Spartanburg County Detention Center and of Plaintiff's claims under PREA and under the Fifth, Eighth, and Thirteenth Amendments. Because Plaintiff filed objections, the Court's review has been de novo.

The Spartanburg County Detention Center is a building or a group of buildings, which are not persons amenable to suit under § 1983. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, this Defendant is dismissed from this action, and Plaintiff's objections are overruled.

2

With respect to any claims under the Fifth Amendment, the Magistrate Judge notes that Plaintiff references the Fifth Amendment in his complaint but does not allege any facts elated to a Fifth Amendment violation. Plaintiff has not specifically objected to this portion of the Report; nevertheless, upon de novo review, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible claim for relief for any violations of his Fifth Amendment rights.

Turning to Plaintiff's claims under the Eighth Amendment, the Court finds a scrivener's error in the Report seems to have caused some confusion for Plaintiff. On page 2 of the Report, the Magistrate Judge states that she is recommending dismissal of Plaintiff's Fourteenth Amendment claims. ECF No. 8 at 2. It is clear in reading the Report that the Magistrate Judge is not recommending dismissal of Plaintiff's Fourteenth Amendment claims but rather his Thirteenth Amendment claims. She references Plaintiff's Fourteenth Amendment claims in the section dealing with Plaintiff's Eighth Amendment claims because she notes that Plaintiff is a pretrial detainee; accordingly, his claims are analyzed pursuant to the Fourteenth Amendment and his Eighth Amendment claims should be dismissed. The Court agrees with the Magistrate Judge's analysis with respect to the Eighth Amendment; accordingly, these claims are dismissed.

As discussed, the Magistrate Judge recommends dismissal of Plaintiff's Thirteenth Amendment claims. In his objections, Plaintiff states that he is not bringing claims pursuant to the Thirteenth Amendment. Therefore, to the extent necessary, the Court agrees that any claims pursuant to the Thirteenth Amendment are dismissed.

3

Finally, the Magistrate Judge recommends dismissal of any PREA claims because PREA does not give rise to a private right of action.  in his objections, Plaintiff states that Defendants have violated the PREA policy; thus, they have violated his Fourteenth Amendment rights.  To the extent Plaintiff asserts a Fourteenth Amendment claim, as noted above, those claims have been served.  To the extent Plaintiff intends to state a claim pursuant to PREA, as explained in more detail by the Magistrate Judge, there is no private right of action available.  *See Hill v. Hickman County Jail*, No. 1:15-cv-0071, 2015 WL 5009301, at *3 (M.D. Tenn. Aug. 21, 2015) (collecting cases holding there is no private right of action under PREA, and finding that "[t]o the extent the complaint might be construed as bringing a claim under the PREA, such claim must be dismissed").  Accordingly, summary dismissal is appropriate with respect to this claim.

## **CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.  Defendant Spartanburg County Detention Center as well as Plaintiff's claims pursuant to PREA and the Fifth, Eighth, and Thirteenth Amendments are summarily dismissed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 10, 2026
Spartanburg, South Carolina

4